FILED'02 DEC 19 15:18 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CV 02-1337-FR |
| **Plaintiff,** | |
| v. | |
| 172/100 capsule bottles and 203/250 capsule bottles, more or less, of an article of food and drug, labeled in part: | **DEFAULT JUDGMENT OF FORFEITURE AND CONDEMNATION** |

(bottle)

"*** Kirkman Taurine 325 mg
Dietary Supplement Capsules 100
(or "250") Capsules ***
Manufactured exclusively by:
KIRKMAN LABORATORIES Lake Oswego,
OR *** www.kirkmanlabs.com ***"

undetermined quantities of accompanying literature consisting of written, printed, or graphic matter, labeled in part:

(catalog)

"*** A Guide to SCIENTIFIC
NUTRITION FOR AUTISM AND RELATED
CONDITIONS spring 2002 second
edition *** Taurine Capsules ***"

(information sheet)

"*** Taurine *** Capsules ***,"

Defendants.

_____

This matter having come before the Court on plaintiff's motion for entry of a Default Judgment of Forfeiture (#11) as to defendants, capsules, bottles and printed material in rem, and all persons claiming any right, title or interest in or to these defendant articles, and notice having been properly given, and based upon the records and files of this action, it is:

ORDERED, ADJUDGED, AND DECREED that this Court has subject matter jurisdiction over this action and personal jurisdiction over all parties pursuant to 28 U.S.C. § 1345 and 21 U.S.C. § 334. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395; and it is further

ORDERED, ADJUDGED, AND DECREED, that the default of all persons having any right, title, or interest in defendant articles is entered; and it is further

ORDERED, ADJUDGED, AND DECREED, that defendant articles are misbranded when introduced into and while in interstate commerce, within the meaning of 21 U.S.C. § 343(a)(1), in that the articles bear labeling that is false and misleading. Further, defendant articles are drugs within the meaning of 21 U.S.C. § 321(g)(1)(B) and the articles are new drugs within the meaning of 21 U.S.C. § 321(p). As a new drug, the articles may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 355(a), because no approval of an application filed pursuant to 21 U.S.C. § 355(b) is in effect with respect to their use or intended use, nor is there an exception

PAGE 2 - DEFAULT JUDGMENT OF FORFEITURE

pursuant to 21 U.S.C. § 352(f)(1). Defendant articles are also misbranded while held for sale after shipment of one or more of their components in interstate commerce, within the meaning of 21 U.S.C. § 352(f)(1), in that their labeling fails to bear adequate directions for use and they are not exempt from such requirement under 21 CFR § 201.115 because the articles are unapproved new drugs; and it is further

ORDERED, ADJUDGED, AND DECREED, pursuant to 21 U.S.C. § 334, that the U.S. Marshal for this district shall forthwith destroy the condemned defendant articles and make due return to this Court. Destruction shall be in a manner that complies with the National Environmental Policy Act of 1969.

The parties will each bear their own costs and attorney's fees incurred in prosecuting and defending this action.

DATED this __19__ day of December, 2002.

_____
HELEN J. FRYE
United States District Judge

PRESENTED BY:

MICHAEL W. MOSMAN
United States Attorney

_____
LESLIE J. WESTPHAL, OSB #83344
Assistant United States Attorney
(503) 727-1027

PAGE 3 - DEFAULT JUDGMENT OF FORFEITURE